Anthony S. Petru, PHV forthcoming
Scott H. Levy, WSBA No. 58199
HILDEBRAND, McLEOD & NELSON, LLP
350 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
(510) 451-6732

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT ZACHARIAH OLMSTEAD,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiff ROBERT ZACHARIAH OLMSTEAD and alleges as follows:

## PARTIES

1. At all times relevant, Plaintiff ROBERT ZACHARIAH OLMSTEAD ("Mr. Olmstead") was and is an individual residing in the State of Washington.

2. At all times relevant, UNION PACIFIC RAILROAD COMPANY ("UPRR") was and is a duly organized and existing Delaware company with its principal place of business in Omaha, Nebraska, authorized to and doing business in the State of Washington.

COMPLAINT FOR DAMAGES
Page 1 of 7

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR,
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

## JURISDICTION AND VENUE

3. This action is brought under the Federal Employers Liability Act, "FELA," 45 U.S.C. §§ 51 et seq. As such, this court has jurisdiction of these matters.

4. Venue is proper in the Eastern District of Washington because UPRR does business within the District and the cause of action arose in the District. 45 U.S.C. § 56 and 28 U.S.C. § 128.

## GENERAL ALLEGATIONS

5. Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

6. Prior to December 18, 2019, UPRR knew or should have known that there were commonly transients and drug and other criminal activity in and around the parking lots of Walmart, Costco, Dollar Tree, Boot Barn and Home Depot near the south side of the east end of the Defendant UPRR's yard.

7. Prior to December 18, 2019, Defendant UPRR knew or should have known that trespassers frequently entered the south side of the east end of Defendant UPRR's yard by walking unimpeded onto the property.

8. Prior to December 18, 2019, Defendant UPRR knew or should have known these trespassers posed a significant risk of harm to UPRR's employees working in the area.

9. On information and belief, prior to December 18, 2019, UPRR had prior complaints and reports regarding the lack of security at Defendant UPRR's yard and the risk of harm posed by trespassers.

COMPLAINT FOR DAMAGES
Page 2 of 7

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR,
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

10. On or about December 18, 2019, Mr. Olmstead was employed by Defendant UPRR as a locomotive engineer and was working at night on job LSK12 at Defendant UPRR's rail yard in Spokane Valley, Washington.

11. At said time, Defendant UPRR's yard had no security fence along the south side of the east end of the yard.

12. At said time, Defendant UPRR's yard had no tower lights to provide overhead lighting or other yard lights at the east end of Defendant UPRR's yard.

13. At said time, a trespasser entered UPRR's yard along the south side of the east end of the yard adjacent to the Fancher Road crossing and the Home Depot parking lot.

14. At said time, acting within the regular course and scope of his employment, Plaintiff was operating a locomotive in Defendant UPRR's yard near the Fancher Road crossing when, unbeknownst to Mr. Olmstead, the trespasser entered the locomotive cab. The trespasser yelled, gestured menacingly, and swung his hands and arms, striking Mr. Olmstead and knocking off the locomotives air brakes and moving the engine throttle. Mr. Olmstead put the locomotive in an emergency shutdown, and law enforcement arrested the trespasser.

15. After the December 18, 2019 incident, Mr. Olmstead had stress and anxiety related to the incident and especially while working in the area of Fancher Road crossing. The stress and anxiety became overwhelming, and Mr. Olmstead suffered panic attacks at work related to his concern of being attacked again. As of October 7, 2021, Mr. Olmstead has been unable to return to work.

COMPLAINT FOR DAMAGES
Page 3 of 7

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR,
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

## FIRST CAUSE OF ACTION

### Federal Employers Liability Act – Negligence

16. Plaintiff re-alleges and incorporates all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

17. This cause of action is brought under and by virtue of the provisions of the Federal Employers Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq*.

18. Defendant UPRR is a common carrier by railroad engaged in interstate commerce.

19. The incidents and injuries complained of arose while Plaintiff was performing duties in the furtherance of, or affecting, interstate commerce.

20. At all times relevant, Plaintiff was employed by Defendant UPRR.

21. At all times relevant, Defendant UPRR owed to Plaintiff the non-delegable duty of exercising ordinary care to provide Plaintiff with a reasonably safe place to work; to take reasonable steps to protect Plaintiff from known dangers; to monitor Plaintiff's workplace for hazards; and to take action to make the workplace safe when on notice of dangerous conditions.

22. At all times relevant, Defendant UPRR, acting by and through its agents, servants, and employees, other than Plaintiff, breached and failed its aforementioned duties on the date of the incident, in that Defendant UPRR carelessly and negligently:

    a. Failed to provide security fencing around its Spokane yard

    b. Failed to provide adequate lighting in its Spokane yard

    c. Failed to monitor its Spokane yard for known safety risks

    d. Failed to take action to make its Spokane yard safer in light of known safety risks

COMPLAINT FOR DAMAGES
Page 4 of 7

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR,
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

      e.      Failed to provide adequate police presence in its Spokane yard

23. Defendant UPRR's negligence caused Plaintiff to suffer from major depressive disorder, panic disorder and post-traumatic stress disorder, among other physical and mental injuries that are likely permanent in nature.

24. Defendant UPRR's negligence caused Plaintiff to incur and continue to incur indebtedness for the services of medical providers in a sum as yet unascertainable, and Plaintiff is informed and believes, and thereupon alleges, that he will require further medical attention as a result of said injuries and will therefore incur a further indebtedness in an amount as yet unascertainable, and to be proven at trial.

25. As a result of Defendant UPRR's negligence as alleged herein, Plaintiff has incurred and will incur economic damages in the form of past and future medical care and expenses, substitute domestic services and household care, and loss of past and future wages, earning capacity and fringe benefits, and impaired earning capacity in a reasonable amount to be determined by a jury at trial.

26. As a result of Defendant UPRR's negligence as alleged herein, Plaintiff has suffered and will suffer non-economic damages in the form of past and future pain and suffering as well as interference with normal and usual activities apart from gainful employment in a reasonable amount to be determined by a jury at trial.

COMPLAINT FOR DAMAGES
Page 5 of 7

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR,
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendant UPRR as follows:

  a. For general damages, including pain and suffering, disability, and loss of enjoyment of life, and other damages provided by law and in amounts to be proven at trial.

  b. For past and future medical and out-of-pocket expenses, in an amount to be proven at trial.

  c. For past and future economic damages, in an amount to be proven at trial.

  d. For lost earning capacity, in an amount to be proven at trial.

  e. For pre-judgment and post-judgment interest as allowed by law.

  f. For costs of suit incurred herein.

  g. For all such other and further relief as the Court deems just and equitable and all other damages provided by law.

DATED: September 9, 2022  HILDEBRAND MCLEOD & NELSON LLP



By: _____
Anthony S. Petru, PHV forthcoming
Scott H. Levy, WSBA No. 58199
levy@hmnlaw.com
petru@hmnlaw.com

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES
Page 6 of 7

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR,
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)

**JURY TRIAL DEMANDED**

Plaintiff by and through undersigned counsel, hereby demands a trial by jury on all factual issues triable.

DATED: September 9, 2022                    HILDEBRAND MCLEOD & NELSON LLP

By: _____
Anthony S. Petru, PHV forthcoming
Scott H. Levy, WSBA No. 58199
levy@hmnlaw.com
petru@hmnlaw.com

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES
Page 7 of 7

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR,
OAKLAND, CA 94612
(510) 451-6732 | (510) 465-7023 (fax)